829 F.2d 39
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anothony RODIC, Plaintiff-Appellant,
v.
Anthony J. CELEBREZZE, Individually and in his Capacity of
Attorney General of Ohio, Defendant-Appellee.
 No. 87-3384
 United States Court of Appeals, Sixth Circuit.
 September 21, 1987.
 
 ORDER
 Before MERRITT, KRUPANSKY and DAVID A. NELSON, Circuit Judges.
 
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the appellee's motion to revoke pauper status, appellee's motion to hold the appeal in abeyance pending ruling on the motion to revoke pauper status, appellant's responses, appellant's motion to amend and remand, appellant's brief and the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Rodic filed a civil rights complaint in the district court against Anthony J. Celebrezze, the Attorney General of Ohio. Rodic alleged that while picketing Celebrezze's house, Celebrezze yelled at him, told him to leave, tore up his picket sign, and threatened to call the police. He also alleged that on February 17, 1984, he reported the crime of perjury to Celebrezze but that he left Celebrezze's office feeling disgusted, frustrated and ignored. The district court dismissed the case on the basis that Rodic failed to state a claim under 42 U.S.C. Sec. 1983 and that the complaint was filed outside the statute of limitations for 42 U.S.C. Sec. 1983 actions as to the February 17, 1984, incident.
 
 
 3
 It is ORDERED that the motions to revoke pauper status and to amend and remand be denied as moot and the judgment of the district court be affirmed for the reasons stated in the district court's March 25, 1987, decision. Rule 9(b)(5), Rules of the Sixth Circuit.